## Case No. 6,286.

### In re HAZLETON.

[See Case No. 6,287.]

## Case No. 6,287.

### HAZLETON v. VALENTINE.

[1 Lowell, 270;[1] 2 N. B. R. 31 (Quarto 12); 1 Am. Law T. Rep. Bankr. 105.]

Circuit Court, D. Massachusetts. July, 1868.

BANKRUPTCY — FREEDOM FROM ARREST DURING PENDENCY OF PROCEEDINGS—ARRESTS EXISTING AT COMMENCEMENT OF PROCEEDINGS.

1. The freedom from arrest granted to bankrupts "during the pendency of the proceedings in bankruptcy" does not relieve them from arrests existing at the commencement of the proceedings.

[Cited in Brandon Nat. Bank v. Hatch, 57 N. H. 461; Hussey v. Danforth, 77 Me. 20.]

2. Where a debtor, a citizen of Massachusetts, was arrested in New Brunswick on mesne process, and gave bail, and after judgment had been entered up against him, surrendered in exoneration of his bail and was imprisoned, and afterwards filed his petition in bankruptcy in Massachusetts, and still later was charged in execution in accordance with the laws of New Brunswick, which require that a debtor so surrendering shall be charged within three months thereafter; Held, that such charging in execution was not an arrest during the pendency of the proceedings in bankruptcy, but related back to the surrender.

3. It seems, that where an arrest is made out of the jurisdiction of this court, both debtor and creditor being citizens of Massachusetts, and the debtor being in bankruptcy here, the circuit or district court might, in a proper case, enjoin the creditor from proceeding with his arrest.

Petition in the nature of a bill in equity, supported by affidavits, by which it appeared that in July, 1866, the petitioner [H. L. Hazleton] was arrested in St. Johns, New Brunswick, for a debt alleged to be due the respondent, [L. Valentine,] both being then and now citizens of Massachusetts; that he gave special bail to the action, and that judgment was afterwards recovered against him for a very considerable sum, and a capias issued, on which the sheriff made due return, non est inventus; and that afterwards the petitioner went to St. Johns for the purpose of rendering himself or being rendered in discharge of his bail; which was done on the 22d February last, and he has been imprisoned there ever since. On the fourth day of March last, his petition in bankruptcy, which had been prepared before his departure from home, was duly filed in the district court for this district, and he was adjudged a bankrupt, and now asked that his creditor should be enjoined from longer detaining him in prison.

[It is not seriously denied that in some cases, when it had jurisdiction of the parties, and

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

under some circumstances, this court, acting as a court of equity, might interpose to require a citizen of this district to do or forbear something out of the district, as in the leading cases in our state courts, of Deveau v. Fowler [2 Paige, 400], not that the subject matter gives us jurisdiction in this case. But many objections are taken to the formality and regularity of these proceedings, and to the applicability of the principle to the facts of this case, and some suggestion is made that the district court, rather than the circuit court, should be appealed to. It is true, as argued, that no special equities are set up in the petition beyond the fact of arrest and imprisonment for debt, but the petitioner avers that this is a breach of the spirit, if not the letter, of the bankrupt law, and so is a case in which equity will interfere to enforce a plain legal right, there being no adequate remedy at law. I shall first consider the question if the arrest were made within this district, reserving the special considerations which apply to it as a foreign arrest to a later moment.

[Section twenty-six of the bankrupt act [of 1867 (14 Stat. 529)] provides that no bankrupt shall be liable to arrest during the pendency of the proceedings in bankruptcy in any civil action, unless the same is founded on some debt or claim from which his discharge in bankruptcy would not release him. Now I agree with the petitioner that the facts here show a debt from which his discharge would release him, namely, a judgment in an action of assumpsit, and not a debt created by the bankrupt's fraud or defalcation. Judge Blatchford has held in several cases that where the defalcation (or complaint) showed a debt created by fraud or embezzlement, and judgment followed, the judgment was conclusive of a debt created by fraud or embezzlement. In re Patterson [Case No. 10,817]; In re Seymour [Id. 12,684]; In re Pettis [Id. 11,046]. I do not know why the converse should not be equally true. But if it be not, the evidence here shows a simple debt, and one not directly created by any defalcation. It seems to me, therefore, that this arrest is not one that the bankrupt law authorizes to be made in the United States, pending the proceedings in bankruptcy. But the further question is raised, whether the arrest was made during the pendency of the proceedings.] [2]

H. W. Paine, J. P. Converse, and E. A. Kelley, for plaintiff.

T. H. Sweetser and L. Fairbanks, for defendant.

LOWELL, District Judge, after saying that a court of equity which had jurisdiction of the subject-matter and of the parties, might enjoin a citizen of this commonwealth and district from doing unlawful acts out of the district; and that the debt for which the

[2] [From 2 N. B. R. 31 (Quarto 12).]